UNITED STATES FEDERAL COURT
EASTERN DISTRICT OF NEW YORK
X............................................................................X
UNKECHAUG INDIAN NATION, CHIEF
HARRY B. WALLACE in his capacity as Chief          Docket No.
and Individually,
                           Plaintiffs,
Relief pursuant to 28 USC § 2201 and Fed. R. Civ.          Verified Complaint
P. 65

-against-

BASIL SEGGOS, in his official capacity as the
Commissioner of the New York State Department
Environmental Conservation, and the NEW YORK
STATE DEPARTMENT OF ENVIRONMENTAL
CONSERVATION,
                         Defendants.
X............................................................X

      Plaintiff, for their Verified Complaint for Permanent Injunction and Declaratory

Judgement pursuant to 28 USC § 2201 and Fed. Rel. Civ. Proc. 65, by their attorneys, allege as

follows:

## PRELIMINARY STATEMENT

1.     The Plaintiffs challenge the actions and determinations of Defendants New York State

Department of Environmental Conservation ("NYSDEC") and its Commissioner, Basil Seggos

(Collectively- Defendants), to categorically remove regulatory environmental actions that restrict

and criminally prosecute Unkechaug Indians from fishing in Reservation and Unkechaug

customary fishing waters. The Nation seeks a declaration that the Unkechaug Nation, including

its officials and members, are not subject to the New York State Department of Environmental

Conservation's authority over fishing in reservation lands and Unkechaug customary fishing

waters, by Unkechaug Indians based upon inherent native sovereignty, religious freedom and

expression, treaties and federal laws.

1

2.      The Unkechaug (Unkachaug inskitompak-the People beyond the hill) Indian Nation has

existed since time immemorial and is a New York State recognized Indian Nation pursuant to

New York State Indian Law §§ 150-153 [1] and a federally recognized Indian Nation under

Federal Common Law[2]. The Unkechaug Indian Nation has always maintained a Nation to Nation

[3] relationship with numerous Indian Nations, the Dutch, the English, the Colony of New York

and the United States of America. These relationships included trade with natives, as well as

non-Indians, consistent with the culture and customs of the Unkechaug as Algonquian people

living on the Atlantic seaboard. The Unkechaug religious (*Midewiwin-the way of the heart*)

practices included the creation of wampum (*Suckauhock*) for religious and ceremonial purposes

and trade to other Indians for ceremonies and recordation of Tribal agreements. The Unkechaug

established whaling and fishing businesses to trade with the Dutch, English and Colonists. The

whaling and fishing industries of Long Island included the Unkechaug and other Algonquian

Nations because of the demand for fish and whales by commercial enterprises and the public.

Algonquian Indians possessed the skill and knowledge to compete and were guaranteed, under

treaty agreements, the rights to continue commercial fishing and whaling. Rights which have

never been extinguished or abrogated since the colonial treaties were established.[4]

3.      The Unkechaug lands are known as the Poospatuck (where the water meets) Indian

Reservation located within the borders of the State of New York, near current day Mastic New

---

[1] New York State Indian Law codified Unkechauge Customs-Rules and Regulations.
[2] See Gristede's Foods, Inc. v. Unkechauge Nation, 660 F. Supp. 2d 442 (2009).
[3] The Unkechaug were the makers of the sacred wampum which was highly valued by all Indian Nations and considered a form of currency throughout Indian Country and used in trade with native and non-native people since colonial times. The unique purple colored shells is specific to the waters near the reservation. The art of making wampum was always considered by the Unkechaug as a religious and cultural experience passed down since time immemorial. The sacred wampum was used by the Unkechauge and other Indians in religious ceremonies and as a form of communication in treaties and declarations of war and agreements in trade.
[4] May 24, 1676, Governor Andros and his council executed a treaty with the Unkechaug Indian at Fort James in Manhattan for the right to fish and dispose of the fish freely without interference. (The Andros papers, 1674-1676)

York. The ancestral lands of the Unkechaug Indians [5] included vast areas of present day Long Island that provided the Unkechaug with fishing (*Kupiyamaqchamun*- Unkechaug fishing) whaling (*Putap*-whale) as its main economic engine consistent with its cultural values and customs that were established centuries before the first European Colonization. The Unkechaug always maintained the right to fish that included the harvesting of eels and sea crustaceans for the shells to make wampum. The Unkechaug religious practices included the creation of wampum for ceremonial purposes and trade to other Indians for ceremonies and recordation of Tribal Agreements and major events. The Quahog shells (*Suckauanausuck*) created a religious artifact that symbolized how water provided life to the Unkechaug. The sanctity of this process even extended to the custom of burying remaining bits of the shells in reservation lands for the preservation of its life. [6] The traditional methods of creating wampum are complex and requires many skills that were passed down from generation to generation by the Unkechaug and are used today to make the sacred wampum that continues to be used for ceremony by the Unkechaug and many other Indian Nations.[7]

4.      The Plaintiffs have been continuing to be subjected to threat and fear of criminal prosecution by the Defendants for exercising their right to fish freely on reservation waters and in customary fishing waters. There have been criminal charges by the Defendants against tribal members and specific threats of felony criminal prosecution directed against Chief Harry B. Wallace, duly elected Chief of the Nation.

---

[5] The Unkechauge are categorized under Algonquian Indians that historically and culturally built their villages on the coast lands to take advantage of bounties from the sea while simultaneously reaping bounty from the fresh waters that created a significant balance in nature that was consistent with the cultural and religious beliefs of the Algonquian people.  The Algonquian language is replete with vocabulary relating to the ocean and varieties of fish found within its waters.

[6] The use of shells to refortify shore-lines (return of the shell to the water) was cultural practice of the Unkechaug for centuries and only recently acknowledged as environmentally sound practice to preserve shore lines.

[7] The current production of wampum is controlled and authenticated to meet the standards set by Unkechaug tradition.

5.     The denial of fishing rights by the Defendants violates and interferes with the Unkechaug religious freedom and practices in connection with the fishing and gathering of shells to produce wampum used for ancient religious ceremonies by the Unkechaug, since time immemorial.

6.     The denial of fishing by the Defendants has interfered with the Unkechaug ability to sustain customary tribal economic enterprises to support employment and profit for the benefit of the Unkechaug that was guaranteed to them in treaty with the colonial government. The Defendants' denial of fishing has interfered with the Unkechaug sovereignty in the control of its people and reservation lands by prohibiting fishing in reservation waters and customary fishing waters.

7.     The interference of fishing has violated the Unkechaug colonial treaty rights to commercially fish under the May 24, 1676 treaty entered into by "Gov. Andros Order in Council."

8.     The Defendant's regulatory schemes that deprive the Unkechaug of their fishing rights has contributed to the decimation of species regulated and preserved by the customary practices of conservation learned over centuries by the Unkechaug and its progeny.

## JURISDICTION

9.     The court has jurisdiction over this action under 28 U.S.C. under §§ 1331 and 1362. The Nation maintains a government to government relationship with the United States and has a governing body duly recognized in Federal Common Law pursuant to a Federal Court decision in Gristede's Foods, Inc. v. Unkechauge Nation, 660 F. Supp. 2d 442 (2009). The Unkechaug Nation also asserted claims under the Constitution, laws and treaties of the United States; including but not limited to Art. I, §8, cl. 3, May 24, 1676 Colonial Treaty with Gov. Andros Order in Council and Art. VI of the United States Constitution and First Amendment, US Constitution, 25 U.S.C. §232 and federal common law.

4

## VENUE

10.     Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 (b) because the Unkechaug Lands are in this district and the events given rise to the claims made by the Plaintiffs occurred within the district.

## PARTIES TO THE ACTION:

11.     Plaintiff Unkechaug Indian Nation is a duly recognized Indian Tribe pursuant to New York State Indian Law §§ 150-153.

12.     The Poospatuck Unkechaug Indian Reservation is a duly recognized and established New York State Indian Reservation pursuant to NYS Indian Law § 153.

13.     The Unkechaug Indian Nation is a federally recognized Indian Nation pursuant to Federal Common Law.

14.     The Poospatuck Indian Reservation is Indian Territory located within the State of New York and sovereign Indian land controlled by the Unkechaug Indian Nation, with a Nation office address of 151 Poospatuck Lane, Unkechaug Indian Reservation, Mastic, NY 11950.

15.     Harry B. Wallace is a blood right member of the Unkechaug Indian Nation and resides on the sovereign Poospatuck Indian Reservation.

16.     Chief, Harry B Wallace was the duly elected Chief of the Unkechaug Indian Nation pursuant to NYS Indian Law § 150.

17.     Chief, Harry B. Wallace is an attorney, in good standing and duly admitted to the Bar of the State of New York and a Visiting Professor at Stony Brook University.

18.     New York State Department of Environmental Conservation is an agency of the State of New York with its offices located in Albany, New York,

19.     Basil Seggos is the Commissioner of New York State Department of Environmental Conservation with offices located in Albany, New York.

## ALLEGATIONS OF COMMON FACTS

20.     Major Scott Florence of the NYSDEC has taken the position on behalf of the NYSDEC and Commissioner Seggos that its regulations are controlling concerning fishing in Indian Customary waters as stated publicly and in newspaper articles. See Corey Kilgannon, *Indians in the Hamptons Stake Claim to a Tiny Eel with a Big Pay Day*, New York Times, February 1, 2018, https://www.nytimes.com/2018/02/01/nyregion/hamptons-shinnecock-indians-eels.html

21.     The NYSDEC and Commissioner Seggos has threatened the enforcement of its regulations against Unkechaug members with criminal prosecution pursuant to the New York State Environmental Laws.

22.     On April 8. 2014 NYSDEC and Commissioner Seggos issued criminal summons to Unkechaug Tribal members for fishing on reservation lands and in Unkechaug customary fishing waters.

23.     On April 6, 2016 NYSDEC and Commissioner Seggos confiscated fish and fishing equipment in the possession of Unkechaug Indians Nation members that were caught in the Forge River located on the Poospatuck Indian Reservation.

24.     Due to the illegal enforcement of NYSDEC and Commissioner Seggos, fish being sold by the Unkechaug Indian Nation were confiscated on April 6, 2016 and April 8, 2014.

25.     The Assistant New York State Attorney General, Hugh Lambert McLean, Esq., attorney

for the Defendant's threatened to criminally prosecute, Harry B. Wallace, the duly elected Chief

of the Unkechaug Indian Nation with criminal felony charges based on the New York State

Environmental Laws for the sale of glass eels by the Unkechaug Indian Nation caught and

possessed by the tribal members on the Poospatuck Indian Reservation for the commercial

benefit of the Nation unless the Nation would file an action in Federal Court asserting its rights.

26.     The Unkechaug Indian Nation Council promulgated rules and regulations concerning

fishing in its customary waters consentient with its customs and culture.

27.     The NYSDEC and Commissioner Basil Seggos takes the position that its regulations are

controlling concerning all fishing in Unkechaug customary waters including crustaceans used to

make wampum by the Unkechaug for religious and cultural use.

28.     On May 24, 1676, Governor Andros and his council executed a treaty with the

Unkechaug Indian at Fort James in Manhattan for the right to fish and dispose of the fish freely

without interference.  (The Andros papers, 1674-1676)

29.     This right to commercial fishing was specific to the Unkechaug Indians and remains a

valid and enforceable treaty today.

30.     The Unkechaug follow a successful environmental conservation method of fishing that

includes glass eels and shell fish that predates non-Indian fishing on the Atlantic coast as

prescribed through its Eel Clan.

31.     On March 3, 2016, Mr. Berkman of the NYSDEC, in a letter to Chief Harry B. Wallace,

stated that the traditional fishing activity of the Nation was unlawful. On March 18, 2016, Chief

Harry B. Wallace responded to the Berkman letter and asserted that the Nation's traditional and customary fishing rights did not fall under NYSDEC and its Commissioners control.

32.     The customary Unkechaug fishing waters in Poospatuck Bay, off the reservation land, is the location of the unique purple shells that are used by the Unkechaug to make wampum for its religious and cultural ceremonies and traditions.

33.     The NYSDEC and Commissioner Basil Seggos has refused to include the Unkechaug Indian Nation in its environmental schemes and emergency planning for flood relief that impact reservations lands and the nation's ability to obtain flood insurance.

**FIRST CLAIM FOR RELIEF**

**(Federal Pre-emption)**

34.     The Plaintiffs repeat and incorporate by reference herein the allegations 1 through 33.

35.     Federal regulations are controlling concerning fishing in Unkechaug Customary waters as stated publicly and in newspaper articles dated February 1, 2018.

36.     Under the federal common law and rules governing the construction of Indian statues, federal law pre-empts the application of state and local laws and regulations to all Indian Tribes within the borders of the any state and the United States.

37.     Regulation by the Federal government of Indian Reservation lands is absolute and prevails over state and local regulations pursuant to Supremacy Clause of the United States Constitution which includes treaties entered into by Indians. (U.S. Const., Art. VI, §2).

38.     Defendant's regulation prohibiting or limiting fishing by the Unkechaug Indian Nation on the Poospatuck Indian Reservation and in customary Unkechaug fishing waters is pre-empted by

8

the prevailing federal regulations of Indian Reservations including but not limited to 25 U.S.C. §232.

39.     The actions of Commissioner Seggos are beyond his scope of authority and in violation of federal law resulting in the violation of the rights of the Unkechaug Indian Nation, its officials and members including, Harry B. Wallace in his capacity as Chief and individually.

## SECOND CLAIM FOR RELIEF

### (Interference with tribal sovereignty and self-government)

40.     The Plaintiffs repeat and incorporates by reference herein the allegations 1through 39.

41.     The Unkechaug Indian Nation has the inherit rights to control its reservation lands and self-govern its people and regulate the activities on its lands.

42.     The Unkechaug Indian Nation has the inherit authority to self-govern in all aspects of management and regulations concerning fishing on reservation lands and in customary Unkechaug fishing waters, including the sale of fish caught under the Unkechaug authority and regulations.

43.     The federal pre-emption of state and local regulations permits and shields the Unkechaug Indian Nation, its members and officials, under its inherit powers to self-govern, and to regulate and control fishing on its reservation lands and customary Unkechaug fishing waters.

44.     Unkechaug Indian Nation's inherit powers of self-determination under self-government cloaks the Nation and its members and officials with immunity against state and local regulations and its powers of criminal prosecution for alleged violations of state and local laws when acting under tribal authority.

9

45. The Defendant's attempts to regulate fishing on reservation waters and customary Unkechaug fishing waters violates the Unkechaug inherit right of self-governing.

## THIRD CLAIM FOR RELIEF

## (Freedom of Religious Expression)

46. The Plaintiffs repeat and incorporate by reference herein the allegations 1through 45.

47. The Unkechaug Indian Nation cherished and used the shells of crustaceans fished from the Moriches Bay and customary Unkechaug fishing waters to make wampum.

48. The purple colored shells located in the Moriches Bay on the Poospatuck Indian Reservation lands and neighboring waters had special religious and cultural significance to the Unkechaug that was fished by the Unkechaug for generations and essential to the maintenance of their religious and cultural traditions.

49. The NYSDEC and Commissioner Seggos has attempted to regulate the fishing of crustaceans by the Unkechaug Indian Nation that would interfere with the religious expression of the Nation and limit the making and use of wampum for its religious and cultural ceremonies.

50. The restriction by the state on fishing and obtaining the shells to make wampum violates the Unkechaug Indian Nations' religious practice and expression through the creation and use of the sacred wampum.

51. The state, through its Environmental Laws, has threatened the continuation of criminal prosecution of the fishing by the Unkechaug members and officials to obtain the shells necessary to create ceremonial wampum.

52.     The Unkechaug are also threatened by the NYSDEC and Commissioner Seggos with criminal prosecution for returning the remaining shell fragments to shorelines as prescribed by its religious and cultural environmental practices.

53.     The State criminal restrictions under the Environmental Laws that threaten the Unkechaug Indian Nation and its members and officials with criminal prosecution violates their right to free expression of religion. (First Amendment of the U.S. Const.)

## FOURTH CLAIM FOR RELIEF

54.     The Plaintiffs repeat and incorporate by reference herein the allegations 1 through 53.

55.     The treaty rights entered into by Governor Andros with the Unkechaug Indians in May 24, 1676 provided… "that they [Unkechaug] are at liberty and may freely whale or fish for or with Christians or by themselves and dispose of their effects as they thinke good according to the Custome …" allowed the Unkechaug to whale and fish without "molestation" and to sell their fish as they see fit.

56.     The treaty with Governor Andros is valid and adopted by the New York and Federal Constitutions making this agreement the Supreme Law of the Land and enforceable against local and state regulations that would interfere with Unkechaug fishing rights and rights to sell fish as threatened by NYSDEC and Commissioner Seggos with criminal prosecution.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Unkechaug Indian Nation and Harry B. Wallace as Chief and individually, respectfully pray for the following relief:

1. A declaration that the Nation, Harry B. Wallace as Chief and individually, its officials, and its Reservation waters and customary Unkechaug fishing waters are immune from NYSDEC and Commissioner Basil Seggos fishing regulations and that the NYSDEC and Commissioner Basil Seggos lack authority to enforce fishing regulations under New York State Environmental Laws against the Nation, Harry B. Wallace as Chief and individually, its officials and employees;

2. A permanent injunction against NYSDEC and Commissioner Basil Seggos attempts to impose its fishing restriction on eels and crustaceans on reservation lands and customary Unkechaug fishing waters and any attempts by NYSDEC and Commissioner Basil Seggos or its officials, employees or legal representatives to enforce the civil or criminal laws against the Nation, Harry B. Wallace as Chief or in his individual capacity, its officials, and its employees;

3. A permanent injunction against any attempts by NYSDEC and Commissioner

Basil Seggos and its officials and attorneys to impose its criminal prosecution under the Environmental Laws against the Nation, Harry Wallace as Chief and individually, its officials and employees in relation to the conduct on April 6, 2016 when eels caught on the Poospatuck Indian Reservation where confiscated from Unkechaug Indians;

4. Attorney's fees and costs of the action; and

5. Additional relief available at law or in equity to enforce the rights of the Unkechaug Indian Nation, Harry B. Wallace in his capacity as Chief and Individually, as set forth above and such other and further relief as this court may deem just and proper.

Dated:    Queens, New York
          February 19, 2018

12

James F. Simermeyer
Attorney for Unkechaug Indian Nation
Chief, Harry B. Wallace
Harry B. Wallace, Individually
Law Office of James F. Simermeyer, P.C.
3040 88th Street
East Elmhurst, New York 11369
Tel 718-335-9200
Fax: 718-424-0967
Email: James@Simermeyer.com

13

Verification

I, Harry B. Wallace., in my capacity as Chief of the Unkechaug Indian Nation and individually, declare as follows:

1.  I am a Plaintiff in the present case, a blood right member and duly elected Chief of the Unkechaug Indian Nation.

2.  I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing Verified Complaint for Declaratory Relief and Injunctive Relief, and if called on to testify I would competently testify as to the matters stated herein.

3.  I have Personal knowledge of the internal and governmental affairs as Chief and Tribal Council Member of the Tribal Council of the Unkechaug Indian Nation.

4.  I am duly authorized to initiate this suit by the Tribal Council of the Unkechaug Indian Nation.

5.  I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint concerning myself, my activities, and my intentions are true and correct, as are the factual statements concerning the Unkechaug Indian Nation as a whole, their activities and their intentions. 28 U.S.C. § 1746.

Executed on February 21, 2018

Harry B. Wallace in my capacity as Chief
and Individually

## CERTIFICATE of SERVICE

I hereby certify that on February 21, 2018, the foregoing document was filed with the Clerk of

the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern

District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the

following parties and participants:

New York State Department of Environmental Conservation
Papers served to New York State Attorney General Office
120 Broadway
New York, NY 10271-0332

Basil Seggos, in his official capacity as the Commissioner
of the New York State Department of Conservation
625 Broadway
Albany, NY 12233-1011

Date: February 21, 2018

James F. Simermeyer
Attorney for Plaintiffs
Law Offices of James F. Simermeyer P.C.
3040 88th Street
East Elmhurst, NY 11369
Tel. (718)-335-9200

**VERIFIED COMPLAINT**